IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FORD, | No. C 11-00498 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiff John Ford is a current employee of the United States Department of Veterans Affairs ("VA") in San Francisco. On February 2, 2011, he filed the complaint in this case, claiming that he was discriminated against on account of his race, age, and religion during the first year he worked at the VA. Despite the fact that the VA is a federal entity, Ford's complaint did not invoke the federal anti-discrimination laws. Instead, Ford's complaint included claims under California's Fair Housing and Employment Act ("FEHA"), as well as a number of state-law tort claims brought under the Federal Tort Claims Act ("FTCA").

None of the claims in Ford's complaint are properly before this Court. The Supreme Court has expressly held that Title VII preempts all other causes of action for employment discrimination against the federal government. *Brown v. General Servs. Admin.*, 425 U.S. 820, 829-32 (1976) (holding that section 717 of the Civil Rights Act of 1964, "provides the exclusive judicial remedy for claims of discrimination in federal employment"); *see also Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) ("The ADEA bans age discrimination in employment against persons over 40, 29 U.S.C. §§ 623(a)(1), 631(a), and likewise provides the exclusive remedy for federal-employment age-discrimination claims."). Ford's FEHA claims must therefore be dismissed. Further, to the extent

that his claims for negligence, intentional infliction of emotional distress, violation of the California Constitution, and violation of section 52.1(b) of the California Civil Code are based upon the discrimination he allegedly suffered, those claims are also preempted. *See Sommatino v. United States*, 255 F.3d 704, 711 (9th Cir. 2001) (holding that Title VII preempts claims brought against federal employers under the FTCA, except in the case of "highly personal violation[s] beyond the meaning of workplace discrimination").

Ford's state-law tort claims for assault, battery, and false imprisonment fare no better. Congress has explicitly removed "claim[s] arising out of assault, battery, [and] false imprisonment" from the FTCA's jurisdictional grant. 28 U.S.C. § 2680(h); *see also United States v. Shearer*, 473 U.S. 52, 54-55 (1985). To the extent Ford seeks to recover under the FTCA for his claims of negligence, intentional infliction of emotional distress, violation of the California Constitution, and violation of section 52.1(b) of the California Civil Code, those claims are also barred by section 2680(h). The Supreme Court has held that section 2680(h) "does not merely bar claims for assault or battery; in sweeping language it excludes any claim arising out of assault or battery." *Shearer*, 473 U.S. at 55; *see also id.* ("We read this provision to cover claims like respondent's that sound in negligence but stem from a battery committed by a Government employee.").

Although Ford's complaint as currently written does not state a claim for relief, it appears that he may possess viable claims under the federal anti-discrimination laws. Ford exhausted at least some of his claims for discrimination with the EEOC and received a right-to-sue letter from the VA.[1] He may therefore file a *de novo* civil action under Title VII for the race discrimination he allegedly suffered. *See* 42 U.S.C. § 2000e-16(c); *Chandler v. Roudebush*, 425 U.S. 840 (1976). He may also seek to recover for age discrimination through the Age Discrimination in Employment Act ("ADEA"). *See* 29 U.S.C. § 633a.

---

[1] The government's motion to dismiss argues that Ford failed to exhaust some of his claims of discrimination because he did not raise them in a timely manner with the EEOC. Given that Ford's complaint does not invoke the federal anti-discrimination laws, the Court declines to consider whether he exhausted his claims at this time. The government may challenge the timeliness of Ford's claims once Ford has properly pled his claims under Title VII and the ADEA.

**CONCLUSION**

Based on the foregoing and for good cause shown, the Court VACATES the hearing currently scheduled for May 27, 2011, GRANTS defendants' motion to dismiss, and DISMISSES the complaint in its entirety. Docket No. 14. **If he wishes to do so, Ford may file an amended complaint containing claims under Title VII and the ADEA on or before June 24, 2011.**

**IT IS SO ORDERED.**

Dated: May 24, 2011

SUSAN ILLSTON
United States District Judge